## STATE OF MAINE vs. WILLIAM A. HOLLAND.

### Cumberland.    Opinion November 3, 1908.

*Intoxicating Liquors.    Complaint and Warrant.    Alleged Duplicity.    Motion in Arrest of Judgment.    Same not Sustained.    "Impossible Date."*
*Revised Statutes, chapter 29, sections 48, 49.*

1.  A complaint for keeping and depositing intoxicating liquors intended for unlawful sale, in which it is alleged that they had been first seized by the complainant without a warrant, and in which there is the further averment respecting the complainant, "being then and there an officer, to wit, a deputy sheriff, within and for said county, duly qualified and authorized by law to seize intoxicating liquors kept and deposited for unlawful sale and the vessels containing them, by virtue of a warrant therefor issued in conformity with the provisions of law" is not bad for duplicity, or uncertainty. This language is not descriptive of the offense. It is merely the necessary averment of the officer's authority to seize without a warrant.

2.  A motion for arrest of judgment on the ground that the alleged date, namely, the year, of the commission of the offense is an impossible date, will not be sustained, when upon an examination of the certified copies furnished to the Law Court it appears that the date should be read either as "1908" or "1980," but it is not made to appear which is correct, as when some of the copies may properly be read "1908" and others "1980." It is incumbent upon the defendant to make it appear to the court that the date was "1980," and not "1908," which he has failed to do.

On exceptions by defendant.    Overruled.

Complaint against the defendant for keeping and depositing intoxicating liquors intended for unlawful sale, and on which a warrant was issued by the Portland Municipal Court. The defendant was adjudged guilty by the said Municipal Court and thereupon he appealed to the Superior Court, Cumberland County. On trial in the Superior Court he was found guilty by the jury. He then filed a motion in arrest of judgment which motion was overruled by the presiding Justice. To this ruling the defendant excepted.

The case is stated in the opinion.

*J. E. F. Connolly*, County Attorney, for the State.

*Dennis A. Meaher*, for defendant.

SITTING: EMERY, C. J., WHITEHOUSE, SAVAGE, PEABODY, SPEAR, BIRD, JJ.

SAVAGE, J. Motion in arrest of judgment. The defendant was convicted upon a complaint for keeping and depositing intoxicating liquors intended for unlawful sale in this State. He then filed this motion, which was overruled, and he excepted. The motion sets out two grounds for arrest.

I. It is contended that the complaint is double, ambiguous and indefinite, in that it is based upon two inconsistent situations, and upon two differing statutes. The defendant claims that the complaint contains the necessary allegations for obtaining a warrant for a search and seizure of intoxicating liquors, under R. S., chap. 29, sec. 49, and likewise the allegations necessary for obtaining a warrant for the seizure of liquors already taken without a warrant, under section 48 of the same chapter. As to this ground it is only necessary to say that the defendant has misinterpreted the language in the complaint. R. S., chap. 29, sect. 48 provides that "in all cases where an officer may seize intoxicating liquors, or the vessels containing them, upon a warrant, he may seize the same without a warrant, and keep them in some safe place for a reasonable time until he can procure such warrant." This is sometimes called, perhaps not with strict accuracy, a "seizure" warrant, in distinction from a "search and seizure" warrant. Such was the warrant in this case. In order to obtain such a warrant, it was necessary for the officer after seizing the liquors without a warrant, to make complaint setting out that he had already seized and was holding the liquors, and also in apt terms that he was, when he seized the liquors, an officer authorized by law to seize, upon a warrant, liquors intended for unlawful sale. Such an officer only can obtain a "seizure" warrant, and his authority must be alleged. The language which the defendant now complains of as one of two inconsistent descriptions of the offense is in these words, namely, "being then and there an officer, to wit, a deputy sheriff, within and for said county, duly qualified and authorized by law to seize intoxicating liquors kept and deposited for unlawful sale and the vessels containing them, by virtue

of a warrant therefor issued in conformity with the provisions of law."
This is not descriptive of the offense. It is merely the averment of
the officer's authority. Having alleged his authority, the complain-
ant then proceeded to allege that he had found and seized the
liquors, and he prayed for a warrant. So far the complaint appears
to be in proper form.

II. The other alleged ground for arresting judgment is that the
allegation of the time of the seizure is an impossible date, or to use
the language of the motion, "that the officer says he seized the
liquors by virtue of a warrant therefor on the fourth day of January
A. D. 198." This is not an accurate statement. There is no
allegation that the liquors were seized "by virtue of a warrant."
But passing that, it is not correct to say that the complaint alleges
the seizure to have been "on the fourth day of January, A. D. 198."
What the actual date written was the court, of course, must
determine, if it can, by inspection. We have inspected the certified
copies which were evidently intended to be fac simile copies of the
original, but we find that they are not alike. The complaint made
January 6, 1908, sets out that the defendant unlawfully kept and
deposited the liquors "on the fourth day of January in said year."
And the time of the seizure is alleged as "on the fourth day of
January A. D." Then the year appears in four figures, first 19
and then an 8 written upon and partly above an 0, or an 0 written
upon and partly beneath an 8. But the 0 and the 8 are not in the
same perpendicular line. In some of the copies the 8 appears to be
a little to the left of the center line of the 0, and in others a little
to the right.

Though the complaint in this respect was bunglingly made, we
think it would be putting too fine a point upon it to say that we
cannot tell by inspection that this was written and should be read
not as 198, but either as 1908 or as 1980, according to the relative
positions of the 8 and 0. But which? If 1908, the complaint was
good. If 1980, it was bad. It is doubtless true that the writer
intended to write "1908." But that does not help the case. We
cannot rewrite it. We must take it as written. And that is uncer-
tain. The defendant has not clearly shown to us how it was written,

or at any rate, that it was written "1980." For the purposes of this case we do not place any stress upon the fact that the defendant in his motion described the date as 198 instead of 1980. But we think that it was incumbent upon him, in support of his exceptions, to show that the date was 1980 instead of 1908, and that he has failed to do. It therefore has not been shown that the date was impossible as alleged.

*Exceptions overruled.*
*Judgment for the State.*